UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY WAYNE LOCKRIDGE,<br><br>               Plaintiff,<br><br>vs.<br><br>NEVADA INTERSCHOLASTIC ACTIVITIES ASSOCIATION, et al.,<br><br>               Defendants. | 2:14-cv-00049-GMN-NJK<br><br>**O R D E R**<br><br>(Docket No. 1) |

Plaintiff Gregory Wayne Lockridge is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on January 10, 2014. *Id.* This proceeding was referred to this Court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a Court must additionally screen the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's Complaint fails to state a claim. Plaintiff does not explicitly list the law(s) under which he brings his first claim, and states only that he claims violation of due process against Defendant Nevada Interscholastic Athletic Association. Even if Plaintiff desires to bring his first claim under the Fourteenth Amendment's due process clause, the United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to 42 U.S.C. § 1983. *E.g., Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

Plaintiff states that his second claim is brought pursuant to 42 U.S.C. §§ 1983 and 1985. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).[1] At bottom, Plaintiff alleges that he and the team he coaches were deprived of the opportunity to play certain basketball games without an evidentiary hearing. *See, e.g.*, Docket No. 1-1 at 7:4-19. Plaintiff has not shown, however, that he has a constitutional right to coach his team in such games.[2]

To state a claim under 42 U.S.C. § 1985, a plaintiff must allege (a) a conspiracy; (b) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (c) an act in furtherance of the conspiracy; (d) whereby a person is either injured in his or her person or property or deprived of any right or privilege of a citizen of the United States. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). To support such a claim, the allegation of a conspiracy must be supported with "factual specificity." *See, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's Complaint fails to make such specific factual allegations in support of his assertion of a conspiracy. Moreover, it is not clear to the Court that the inability of Plaintiff to coach his team in certain games constitutes an injury remediable under section 1985.

Accordingly, the Court **DISMISSES** the complaint with leave to amend.

//

//

---

[1] Plaintiff alleges that the National Interscholastic Activities Association "is a public entity of the State of Nevada." *See* Docket No. 1-1 at 2:6-7.

[2] Plaintiff asserts that he has a "constitutional right to be employed as a Head Basketball Coach at Trinity International High School." *See* Docket No. 1-1 at 8:26-27. Although not entirely clear, it does not appear from the Complaint that Plaintiff was actually terminated from that position, but rather that his team was not allowed to play certain games. Moreover, it is not clear from the Complaint that Plaintiff has a sufficient property or other interest in his position such that dismissal from that position would potentially create a constitutional violation. *See, e.g.*, *Braswell v. Shoreline Fire Dept.*, 622 F.3d 1099, 1102 (9th Cir. 2010). To the extent Plaintiff's employment was actually terminated and/or he contends that he has a sufficient constitutional interest in that employment, he may amend his Complaint to make such allegations clear.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 9, 2014** to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: April 8, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 9, 2014** to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: April 8, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge