UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY WAYNE LOCKRIDGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEVADA INTERSCHOLASTIC ACTIVITIES ) <br> ASSOCIATION, et al., ) <br> ) <br> Defendants. ) | 2:14-cv-00049-GMN-NJK <br><br> **O R D E R** <br><br> (Docket No. 6) |

This proceeding was referred to the undersigned by Local Rule IB 1-3 and 1-4. Plaintiff is proceeding in this action *pro se*, and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a complaint. Docket No. 1. The Court thereafter granted his application to proceed *in forma pauperis* and screened his complaint. *See* Docket No. 4. Having found that the complaint failed to state a claim, the Court dismissed all claims without prejudice and directed Plaintiff to file an amended complaint if he believed the deficiencies identified by the Court could be cured. *See id.* at 4. Plaintiff filed an amended complaint. Docket No. 6.

For the reasons discussed more fully below, the Court finds that the amended complaint continues to suffer from the deficiencies previously identified. The Court therefore **DISMISSES** the amended complaint but will provide Plaintiff one final opportunity to amend his claims if he believes he can cure the deficiencies identified herein.

## I. STANDARDS

Upon granting a request to proceed *in forma pauperis*, a Court must additionally screen the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). This screening obligation applies not only to the initial complaint, but also to subsequent attempts to file amended complaints to cure deficiencies identified in the original complaint. *See, e.g.*, 28 U.S.C. § 1915(e) ("the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim" (emphasis added)). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II.     SCREENING**

The Court previously identified several deficiencies with Plaintiff's primary claim filed under 42 U.S.C. §§ 1983 and 1985. With respect to Plaintiff's Section 1983 claim, the Court previously ruled that:

> At bottom, Plaintiff alleges that he and the team he coaches were deprived of the opportunity to play certain basketball games without an evidentiary hearing. *See, e.g.*, Docket No. 1-1 at 7:4-19. Plaintiff has not shown, however, that he has a constitutional right to coach his team in such games.

Docket No. 4 at 3. The Court further indicated that Plaintiff had failed to allege that he had been terminated from his position as Head Basketball Coach at Trinity International High School or that he had a sufficient property or other interest in that position such that a dismissal would potentially create a constitutional violation. *See id.* at 3 n.2 (citing *Braswell v. Shoreline Fire Dept.*, 622 F.3d 1099, 1102 (9th Cir. 2010)). Plaintiff's Amended Complaint fails to rectify these deficiencies.[1]

With respect to Plaintiff's Section 1985 claim, such a claim requires, *inter alia*, that the plaintiff sufficiently plead that a remediable deprivation occurred: "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) (citing *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)). Such a claim also requires the conspiracy to be pled with "factual specificity." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). To that end, the Court previously ruled that:

> Plaintiff's Complaint fails to make such specific factual allegations in support of his assertion of a conspiracy. Moreover, it is not clear to the Court that the inability of Plaintiff to coach his team in certain games constitutes an injury remediable under section 1985.

Docket No. 4 at 3. Plaintiff's Amended Complaint fails to rectify these deficiencies.

---

[1] Although not entirely clear, the Amended Complaint insinuates that Plaintiff remains employed as the head basketball coach at Trinity. *See* Am. Compl. at ¶ 24 (asserting conduct of defendants may "prevent him from coaching in the future, either at Trinity, or elsewhere"). It also appears that, notwithstanding the alleged misconduct of Defendants, Plaintiff was hired as a history teacher on January 27, 2014. *See id.* at ¶ 11.

- 3 -

The Court will provide Plaintiff with one final opportunity to amend his pleadings to correct these deficiencies. Accordingly, Plaintiff's claims brought under 42 U.S.C. §§ 1983 and 1985 are hereby **DISMISSED** with leave to amend.

Plaintiff has also amended his complaint to add a claim for defamation. *See* Am. Compl. at ¶¶ 22-27. Claims for defamation arise under state law. *See, e.g., Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1148 (9th Cir. 2012). When a plaintiff fails to state a claim as to his federal causes of action, federal courts may decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)).[2] The undersigned declines at this time to screen Plaintiff's defamation claim because, in the event Plaintiff is unable to state a federal cause of action in a Second Amended Complaint, the undersigned will recommend declining to exercise supplemental jurisdiction over that state law claim.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

> The Amended Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **October 2, 2014** to file his Second Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint or any subsequently filed pleadings) in order to make the Second Amended Complaint complete. This is because, as a general rule, an amended complaint supersedes the original Complaint and any other subsequently-filed amended complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Instead, Plaintiff's Second Amended Complaint must be complete in itself without reference to any prior pleading. Once

---

[2] A basis for the Court to consider the state law claim under the Court's diversity jurisdiction does not exist in this case, as Plaintiff and Defendants are residents of Nevada. *See* Am. Compl. at ¶¶ 1, 4-7.

a plaintiff files a Second Amended Complaint, the original Complaint and any other amended complaints no longer serve any function in the case. Therefore, in a Second Amended Complaint each claim and the involvement of each defendant must be sufficiently alleged. <u>Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.</u>

Dated: September 3, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge